**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

July 26, 2018

Dennis L. Schrader, Esquire
R. Eric Hacker, Esquire
Morris James Wilson Halbrook & Bayard
LLP
107 West Market Street
Georgetown, DE 19947

Saundra Skinner-Brooke
9514 Morris Road
Bishopville, MD 21813

RE: *WJV, LLC v. Saundra Skinner-Brooke*, Civil Action No. 11630-VCG

Dear Plaintiff and Ms. Skinner-Brooke:

I have attached an order for a partition sale in accordance with the procedures set out in Court of Chancery Rule 183(c) and 25 *Del. C.* § 721, *et. seq.* The following procedure has been followed in this case: An office conference was held on April 12, 2017 for scheduling purposes. On June 1, 2017, a hearing was held where Ms. Skinner-Brooke objected to the partition and presented evidence and argument. I determined that the Petitioner was entitled to a petition but had failed to demonstrate that the default partition-in-kind under the statute would be detrimental to the interests of the cotenants. I therefore ordered that a commission be formed, but in an attempt to bring this case to an amicable resolution, I directed the matter to Master Griffin for mediation. The mediation was held on October 17,

2017. Master Griffin waived the mediation fee. Unfortunately, the parties were unable to come to a resolution for a partition-in-kind or otherwise at the mediation. Therefore, the matter was referred to the Commissioners.

The Commissioners then took the steps described in their report. The Commissioners reviewed documentation (including surveys, maps, aerial pictures, and an appraisal of the subject property), consulted with a certified surveyor, and personally visited the property. They made a determination that, given the physical nature of the property, and the legal restrictions thereon, the property was not partitionable in kind without a detriment to the cotenants. They conducted an appraisal and suggested an amount that they believed represented Ms. Skinner-Brooke's share of the property at the time. Under the 2017 Appraisal, the Commissioners recommended that Ms. Skinner-Brooke receive $12,144.00 for her 1/48th interest in the 135.2362 acres and $3,611.00 as of March 2017 for the value of Ms. Skinner-Brooke's 1/42nd life estate in the property.

I asked the parties to comment on the report. Ms. Skinner-Brooke objected to the resolution in the report. I have therefore referred this matter to a trustee for sale pursuant to in Court of Chancery Rule 183(c) and 25 *Del. C.* § 721, *et. seq.* Once the property is sold, the trustee will present a return, at which any party may object to the sale. There will then follow a hearing on the proper distribution of the funds, once the sale is approved.

To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

WJV, LLC, a Delaware limited
liability company,

    Petitioner,

  v.

SAUNDRA SKINNER-BROOKE,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. NO. 11630-VCG

## ORDER FOR APPOINTMENT
## OF TRUSTEE AND FOR SALE

AND NOW, this matter having come before this Honorable Court upon the Petition for Partition and having been referred by the Court to a commission of 3 freeholders of the county, and this Court having considered the Report of Commissioners dated May 14, 2018, and the parties' responses thereto,

AND IT APPEARING TO THE COURT from the Report of Commissioners that a physical division or a partition-in-kind of the lands and premises at issue, otherwise known as Sussex County Tax Parcel Sussex County Tax Parcel No. 5-33-15.00-5.00 (the "Property"), would be detrimental to the interests of the parties, and no cause having been shown why the Report of Commissioners should not be adopted or why the Property should not be sold and the net proceeds thereof divided between the respective parties according to their respective interests;

1

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, and conclusively established for all future purposes:

1.      That Petitioner WJV, LLC is the owner of 47/48 of the fee and 41/42 of the life estate of George Pryor in the Property and that Respondent Sandra Skinner-Brooke is the owner of 1/48 of the fee and 1/42 of the life estate of George Pryor in the Property;

2.      That the Report of Commissioners is hereby adopted, including the Commissioners' conclusion that a physical division of the Property would be detrimental to the interests of the parties;

3.      That, under 25 *Del. C.* § 721, *et. seq.*, the Property must be sold and a proportionate division of the net sale proceeds after payment of court costs, sale costs, and transfer costs be made to the cotenants;

4.      That   Richard Berl, Esq.   is hereby appointed Trustee for purposes of the sale of the Property;

5.      That the Trustee shall sell the property at public vendue in accordance with the procedures set out in Court of Chancery Rule 183(c), with the sale subject to confirmation by the Court after the purchase money has been paid;

6.      That after the purchase money is paid, the Trustee shall prepare a draft deed conveying the subject property to the purchaser;

7. That the Trustee shall make and file a Return of Sale, with copies to all parties, within 30 days following the date of the sale;

8. That all objections to confirmation of the Return of Sale shall be made in writing and submitted to the court with copies to all other parties no later than 14 days following the Trustee's Return of Sale. If no objection to confirmation is filed, the sale will be deemed confirmed without further Order by the Court after 14 days following the Trustee's Return of Sale. If an objection to confirmation is filed, then the Court will schedule a Confirmation Hearing; and

9. That if the sale is confirmed, then Petitioner WJV, LLC shall file a proposed final order of distribution with the Court, and if there is no consent to the distribution, the Court shall enter an order fixing a time for a hearing thereon and directing the Register in Chancery to give written notice by registered mail to all parties.

IT IS SO ORDERED this __26th__ day of __July__, 2018.


_____ */s/ Sam Glasscock III*
Sam Glasscock III, Vice Chancellor

3